Good morning, Your Honors. This ostensibly is a case involving the sentence that was handed down in this matter for Jose Cruz of 160 months, based upon the actual sale of 1.2 grams of heroin in this matter. What we're asking for is for a downward variance and also, if not for that, for reduction from the guidelines in this matter. Mr. Cruz was sentenced, his guidelines in this matter were 151 months to 188 months. He received the use of discretion for that sentence of 160 months. Taking into consideration Mr. Cruz's limited role in this, it's ostensibly a non-violent offense, and Mr. Cruz had a small part of all the people in this case. I'm also, with the case, Your Honors, also Mr. Cruz, the and this isn't something where he just admitted when it caused him to have some type of advantage. He did this right from the time in which he was arrested, immediately after his arrest, provided them with the consent to search of his home and his car, which I think it's important to note that there were no other illegal substances or weapons or anything of that sort that were as a career offender, which put him in that situation. I think, Your Honors, this is a situation that is kind of akin to what's going on in this country with some of these drug cases and the re-evaluation of these drug cases to determine whether or not the sentences that are being handed down are fair with what is going on. The problem with him is, of course, the short period of time he got out of incarceration and immediately went back to doing what he had done before. That I understand and I acknowledge, Your Honor. That weighs fairly heavily, I would think. It does, and I think it also weighs with the fact that what his criminal history points were prior to him being labeled with career offender status. But even taking that into consideration, when you have that major jump from career offender status, which takes him in that stratosphere of 151 to 188 months, the question then is whether or not a sentence of 160 months, when you take that bump, and I understand that's where he's at with those guidelines. But again, those are guidelines. And Booker and everything else tells us that we have to take into consideration that those guidelines are not supposed to be rigidly implied in that there is other factors that take into consideration. And obviously, I'm aware of the circumstances of the offense, and his role in that offense, which I would argue, respectfully, was a very small role. And one could argue, as I am, that basically you have your family, which you hope was the guiding force in your life to stay out of trouble, but it seems that his family is more of the guiding force to be in trouble. And a lot of his history is from that family source. And for him to stay away from gangs that he did, and to at least have the context that he had, is somewhat troublesome. However, it's also somewhat amazing that he's been able to do that. And one of the other problems that I've had in this case was... Here, let me just stop you for a minute. The thing is, when you look at the sentencing and the statements made by the judge, the judge was very sensitive to how he grew up, some of the problems he had faced, acknowledged the fact... The various good things about the defendant, and how he had stayed in contact with his children during his incarceration, and those kinds of things. And also looked at the circumstances under which he grew up, and then weighed all that against, as my brother Judge Kaney said, his committing the offense so quickly after the last incident. And I understand that, I acknowledge it. I just believe that for this type of offense, with what we're talking about here, without the use of weapons, with the small amount of the actual sale, with the cooperation, that a sentence of 160 months is excessive. And again, in society, I believe that it's excessive for a drug offense such as this to receive that type of sentence, which doesn't involve a crime of violence, doesn't involve Mr. Cruz hurting, at least physically, people. But in the other retrospect, is that he did attempt to atone, and acknowledged his criminal conduct right after there, and tried to distance himself from that criminal conduct with his cooperation. Even though he did not ultimately fulfill that, he fulfilled that to his own detriment, due to the fact that he believed with the family, and what he was asked to do, that was causing him some threats as to his physical safety. So it's a sad situation, because of what he tried to do, and I think when you take everything into consideration, the totality of the circumstances, when looking at it, I'm asking the court to look at the nature and circumstances of the offense, alongside with his criminality. But as I said before, the career offender status is what puts him into that stratosphere. I'm just asking the court to take a look at that, and determine whether or not that was an appropriate sentence, and whether or not a reduction is warranted. And again, obviously I'm arguing that a reduction would be warranted in this matter, and would request that the court consider a reduction of the sentence from the 160 months. Thank you, Mr. President. Thank you very much. Mr. Peterson. May it please the court, the district court in this case imposed a reasonable sentence after considering all the relevant sentencing factors, including the fact that the defendant was a career offender, that he had recently been released from prison within six months prior to beginning the conduct in this case, and that prior sentence was for a drug trafficking conviction. The fact that he had a history of failing to comply with court ordered supervision, and the fact that the offense involved almost one kilogram of heroin, the defendant distributing almost one kilogram of heroin over a two and a half month period, until he was arrested when he distributed 1.2 grams of heroin to an undercover police officer. It's our position that the district court sufficiently considered all the defendant's arguments and mitigation, and more than adequately explained its basis for the sentence, and therefore the sentence should be affirmed. To address Mr. Jaswyck's argument regarding that the offense only involved the sale of 1.2 grams of heroin, that's the count that the defendant pled guilty to through negotiations with the government. The government was mindful of the fact that the defendant had been charged with an offense in the first count of the indictment that alleged one kilogram or more of heroin, even if the defendant had been convicted of distributing, as part of the conspiracy, the 960 grams that he was found accountable for in the pre-sentence report. Under the career offender guidelines, he would be facing even a higher guideline range. And so to say that the offense only involved the sale of 1.2 grams of heroin, technically that's what he pled guilty to, but when you consider the relevant conduct, which the judge rightfully did, it did not simply involve one sale of 1.2 grams of heroin. Had the defendant been convicted of the higher amount of heroin, the guideline range would have been much higher. His offense level would have been at level 34. The government also agreed to dismiss that Section 851 information, which also would have increased the guideline range for the career offender guideline because it would have increased the statutory maximum. In addition, the defendant's offense level was level 32, based on the career offender guideline. Had the court imposed the sentence based on the amount of heroin involved without the application of the career offender guideline, the offense level would have been level 30, and the defendant, even without the application of the career offender guideline, increasing his offense, or his criminal history category to six, he still had a criminal history category of five. And that's something else that the court went through, the defendant's history of recidivism. So, your honors, unless there's any other questions, we believe that the sentence imposed by the district court was sustainably reasonable, and we respectfully ask that the court affirm the sentence of the defendant. Thank you. Thank you, Mr. Peterson. Mr. Jasper? Just briefly, I didn't mean to trivialize or minimize the fact that there was the relevant conduct. I just wanted to put it in perspective as to how the relevant conduct was calculated, and it was calculated through the cooperation of Jose Cruz. And again, I would just point out that even though he was arrested for this offense, he did attempt to acknowledge and to take accountability for his actions, and respectfully, we would just ask the court to consider a downward departure, or at least to reduce the sentence from the 160 months. Thank you. Thanks to all counsel. Ms. Jaswick, you were appointed in this case, and you have the additional thanks to the court for ably representing Mr. Cruz. Thank you very much, your honor. The case is taken under advisement of the Court of Appeals.